## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
## 2:12cv25

| | |
|---|---|
| LESLIE DALE BETTIE, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> **Acting Commissioner of Social Security,** ) <br> ) <br>     **Defendant.** ) <br> _____ ) | **MEMORANDUM AND** <br> **RECOMMENDATION** |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record, the parties' Motions for Summary Judgment [# 14 & # 19], and Plaintiff's Motion to Receive New and Material Evidence and Remand [# 12]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 19], **DENY** the Plaintiff's Motion for Summary Judgment [# 14] and Motion to Receive New and Material Evidence [# 12], and **AFFIRM** the Commissioner's decision.

## I. Procedural History

Plaintiff filed an application for disability benefits and an application for supplemental security income on July 17, 2009. (Transcript of Administrative Record ("T.") 192-208.) Plaintiff alleged an onset date of February 1, 2007. (T. 192, 201.) The Social Security Administration denied Plaintiff's claim. (T. 163-67.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 171-77.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 59-93.) The ALJ then issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 17-49.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-3). Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653

(4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III. The ALJ's Decision**

In his May 12, 2011, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 49.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

(2) The claimant has not engaged in substantial gainful activity since February 1, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments:

degenerative joint disease of the left knee, status post surgical reconstruction of the triceps on the right, carpal tunnel syndrome on the right, COPD, hepatitis C, obesity, adjustment disorder, depression, and anxiety (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The claimant could lift/carry no more than a maximum of 50 pounds at a time and frequently lift/carry up to 25 pounds. The claimant could sit, stand, and walk up to six hours each out of an eight-hour workday. The claimant could climb, balance, stoop, and crouch on a frequent basis and kneel or crawl on an occasional balance. The claimant could reach overhead and perform fingering manipulations with the right upper extremity on a frequent basis. The claimant should avoid concentrated exposure to fumes. The claimant is limited to simple, one or two-step tasks.

(6) The claimant is able to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on February 9, 1961 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

(8) The claimant has a marginal education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the nation economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 19-48.)

**IV.  Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance

of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. The Motion to Receive New Evidence

Plaintiff moves the Court to receive new evidence. As a threshold matter, it would be improper for this Court to consider new evidence that was not submitted during the administrative process. See Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996). In certain circumstances, however, the Court may remand a case pursuant to sentence six of the Social Security Act, 42 U.S.C. § 405(g), for the Commissioner to take additional evidence. This Court may order that additional evidence be taken before the Commissioner upon a showing that there is new, material evidence and that good cause exists for the failure to incorporate such evidence into the record in the prior proceedings. 42 U.S.C. § 405(g); Smith, 99

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

F.3d at 638 n.5; Wilkins v. Sec'y, Dep't Health & Human Servs., 953 F.2d 93, 96 n.3 (4th Cir. 1991). The burden of showing that the evidence satisfies these three requirements rests with the Plaintiff. Cox v. Astrue, No. 5:11-CV-527-D, 2013 WL 363755, at *2 (E.D.N.C. Jan. 30, 2013); Sutherland v. Colvin, Civil Action No. 5:12cv00020, 2013 WL 4501418, at * 8 (W.D. Va. Aug. 22, 2013); Meadows v. Astrue, Civil Action No. 5:08-cv-01129, 2010 WL 1380117, at * 3 (S.D. W. Va. Mar. 31, 2010).

As the United States District Court for the Southern District of West Virginia recently explained:

> "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 96 (4th Cir.1991) (citations omitted). "Evidence is material if there is a reasonable probability that the new evidence would have changed the outcome." Id. (citing Borders v. Heckler, 777 F.2d 954, 956 (4th Cir.1985)). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b).

Meadows, 2010 WL 1380117, at *3; see also Jackson v. Astrue, Civil No. 3:09-CV-193-RJC-DCK, 2010 WL 4258748, at *5 (Sept. 29, 2010) (Keesler, Mag. J.)

Plaintiff has failed to satisfy his burden of demonstrating that the evidence is new and material, and good cause exists for his failure to incorporate the evidence into the record during the administrative process. Plaintiff does not even address

the relevant factors in his brief and makes only a cursory legal argument, unsupported by relevant legal authority. Previously, the Court warned counsel that such conduct from the social security bar would not be tolerated by this Court. See Ellis v. Astrue, 2:12cv18 (W.D.N.C. Jul. 8, 2013) (Howell, Mag. J.) In fact, this Court recently imposed monetary sanctions against another attorney for continuing to file frivolous, unsupported legal briefs in social security cases despite numerous warnings and admonishments by this Court. See Stines v. Colvin, No. 1:12cv121, 2013 WL 5492528 (W.D.N.C. Oct. 1, 2013) (Howell, Mag. J.); Powell v. Colvin, 1:12cv369, 2013 WL 5492639 (W.D.N.C. Oct. 1, 2013) (Howell, Mag. J.). If counsel intends to continue practicing in social security cases before this Court, he would be advised to make sure that each brief he files contains legal analysis that is supported by citations to relevant legal authority.

Moreover, the new evidence submitted is not material. The ALJ issued his opinion on May 12, 2011. The Appeals Council denied review on May 4, 2012. Plaintiff seeks to have this case remanded in order for the ALJ to consider a psychological assessment dated December 3, 2012. (Ex. A to Mot. Receive New and Material Evidence.) This assessment, however, describes Plaintiff's function on November 28, 2012. (Ex. A to Mot. Receive New and Material Evidence, at p. 6.) Because the assessment does not relate to the time period on or before the date

of the ALJ's decision, and because Plaintiff has failed to satisfy his burden of demonstrating that the evidence is new and material, and that good cause exists for his failure to present the evidence at the administrative level, the new evidence does not require remand.  See e.g. Jones v. Astrue, Civil Action No. 7:11-cv-00589, 2013 WL 942362, at * 14 (W.D. Va. Fe. 20, 2013).[2]

Finally, Plaintiff also requests that this Court stay this action pending resolution of a new application for disability benefits by the North Carolina Disability Determination Service.  Plaintiff, however, has provided the Court with no legal authority supporting his requests, and this Court will not stay the proceedings pending a ruling from the North Carolina Disability Determination Service. The Court **RECOMMENDS** that the District Court **DENY** the Motion to Receive New and Material Evidence  [# 12].

    B.    **The Motions for Summary Judgment**

        1.    The Court Disregards Plaintiff's First Assignment of Error

Plaintiff first contends that the ALJ erred by finding that Plaintiff could perform unskilled work.  Plaintiff, however, fails to provide the Court with a single legal citation in support of his argument and only asserts a conclusory argument

---

2  Neither Bird v. Astrue, 699 F.3d 337 (4th Cir. 2012), nor Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), dictate a different result as neither case addressed the issue of whether a district court should remand a case based on the submission of evidence to the district court that was not part of the record before the ALJ or the Appeals Council.

that the finding of the ALJ "was grossly in error", and that the ALJ misconstrued the evidence of mental health impairments in the record. (Mem. Support Pl.'s Mot. Summ. J. at p. 3-4.) Plaintiff fails to address how the ALJ misconstrued the evidence, why substantial evidence in the record does not support the mental RFC of the ALJ, or offer any substantive legal or factual analysis of any kind. As this Court has repeatedly warned attorneys practicing in social security cases in this District, "these filings disrupt the Court's docket, do a disservice to counsel's client, and waste the resources of the Court." Stines v. Colvin, Civil No. 1:12-cv-00121-MR-DLH, 2013 WL 4442032 (Aug. 16, 2013). Moreover, despite this Court's prior warning to counsel in Ellis, he failed to take any steps to rectify his deficient pleadings in this case. Accordingly, the Court disregards Plaintiff's first assignment of error.[3]

2. The ALJ did not err in Weighing the Testimony of Plaintiff's Wife

Plaintiff also contends that the ALJ erred by not evaluating the testimony of Plaintiff's wife. Specifically, Plaintiff contends that the ALJ failed to comply with the requirements of 20 C.F.R. §§404.1513(d) and 416.913(d) and did not evaluate the testimony of his wife. Plaintiff's argument is meritless.

---

3 Even if this Court were to address Plaintiff's first assignment of error, a review of the evidence in the record reflects that the mental RFC of the ALJ is supported by substantial evidence in the record.

Plaintiff's wife is a lay witness or other non-medical source, which may only be used to show the severity of an impairment. 20 C.F.R. § 404.1513(d). The decision of the ALJ contained the following the statement regarding the statements of Plaintiff's wife:

> I give little weight to the third party statements submitted by the claimant's wife (13E and testimony). As a lay witness, the wife is not qualified to give testimony or opinions regarding the claimant's capacity to do work or to diagnose impairment. Nonetheless, third party testimony can corroborate the claimant's statements regarding daily activities, social interactions, and interests. However, the testimony of the wife does not establish that the claimant is disabled. Since the wife is not medically trained to make exacting observations as to dates, frequencies, type, and degrees of medical signs and symptoms, or the frequency or intensity of unusual moods or mannerisms, the accuracy of her testimony is questionable. Moreover, by virtue of the romantic relationship, the claimant is not a disinterested third party witness whose testimony would not tend to be colored by affection for the claimant and a natural tendency to agree with the symptoms and allegations offered by the claimant. Most importantly, significant weight cannot be given to the witness's testimony because it, like the claimant's is not consistent with the preponderance of the opinions and observations by physicians in this case.

(T. 46.)

It is clear from the decision that the ALJ considered the testimony of Plaintiff's wife. Moreover, the ALJ explained in detail why he determined that the testimony of Plaintiff's wife was entitled to little weight rather than significant weight. (T. 46.) Plaintiff's argument that "ALJ Wilson [did] not evaluate the

testimony of Plaintiff's wife . . . as the above referred to Social Security Rules require . . ." is contracted by the record and patently frivolous. Finally, the ALJ did not err in assigning little weight to the testimony of Plaintiff's wife because, as the ALJ stated in his decision, Plaintiff's wife is not a disinterested third party and her testimony was inconsistent with the medical evidence in the record. (T. 46.) Accordingly, remand is not required in this case as the ALJ did not err in considering the testimony of Plaintiff's wife.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 19], **DENY** the Plaintiff's Motion for Summary Judgment [# 14] and Plaintiff's Motion to Receive New and Material Evidence [# 12], and **AFFIRM** the Commissioner's decision.

Signed: October 11, 2013

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).